STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
Docket No. RE-13-0204
TDW-CUM-11/1/2013

MECHANICS SAVINGS BANK,
Plaintiff

v.

RACHAEL A. REDLON and JOHN
REDLON,
Defendants

and

BIRCHWOOD ROAD ASSOCIATION,
INC.,
Party-in-Interest

ORDER ON MOTION
FOR SUMMARY JUDGMENT

STATE OF MAINE
Cumberland, ss, Clerk's Office

NOV 01 2013

RECEIVED

Before the court is a motion by plaintiff Mechanics Savings Bank for summary judgment in an action for foreclosure brought pursuant to 14 M.R.S. § 6321, et seq. No opposition to the motion has been filed.

Mechanics Savings Bank's motion for summary judgment is subject to Rule 56(j), which imposes detailed requirements for granting summary judgment in foreclosure actions. M.R. Civ. P. 56(j).[1] The court is independently required to determine if those requirements have been met and is also required to determine whether the mortgage holder has set forth in its Statement of Material Facts the acts necessary for summary judgment in a residential mortgage foreclosure. *Chase Home Fin. LLC v. Higgins*, 2009

---

[1] Maine Rule of Civil Procedure 56(j) states, in part:
    No summary judgment shall be entered in a foreclosure action filed pursuant to Title 14, Chapter 713 of the Maine Revised Statutes except after review by the court and determination that (i) the service and notice requirements of 14 M.R.S. § 6111 and these rules have been strictly performed; (ii) the plaintiff has properly certified proof of ownership of the mortgage note and produced evidence of the mortgage note, the mortgage, and all assignments and endorsements of the mortgage note and the mortgage; and (iii) mediation, when required, has been completed or has been waived or the defendant, after proper service and notice, has failed to appear or respond and has been defaulted or is subject to default.

ME 136, ¶ 11, 985 A.2d 508.

After reviewing the file, the court concludes that the requirements for a summary judgment of foreclosure have not been met and that, in particular, Mechanics Savings Bank must clarify Mary Ann Redlon's status.

The record reflects that there are two persons who signed the home equity agreement and the two mortgages: Rachel Ann Redlon and Mary Ann Redlon. (Therrien Affidavit Exs. A-C).[2] As co-mortgagor and co-signer of the home equity agreement, Mary Ann Redlon would ordinarily have an interest related to this action and should be named as a party. M.R. Civ. P. 19. The plaintiff states that Mary Ann Redlon is deceased and has not joined her in this action. However, plaintiff has not provided a death certificate or other sufficient evidence of Mary Ann Redlon's death.

If Mary Ann Redlon is deceased, her successors or representatives should ordinarily be named as parties. This might not be true if Mary Ann Redlon is deceased and her estate has no interest in the property. Mechanics Savings states that Mary Ann Redlon's death left defendant Rachael A. Redlon "solely responsible" under the note and both mortgages, citing to the affidavit of Gerald Therrien ("Therrien Affidavit"). (Pl.'s S.M.F. ¶ 9.) The summary judgment record does not establish, however, that the parties were joint tenants, in which case the death of Mary Ann Redlon would make Rachel Ann Redlon the sole owner of the property. Mechanics Savings thus needs to clarify why Mary Ann Redlon's death allows her to be omitted from this proceeding.

Additionally, the plaintiff has not provided adequate evidence of the amount due. 14 M.R.S. § 6321; *Chase Home Fin.*, 2009 ME 136, ¶ 11, 985 A.2d 508. The amount

---

[2] Mary Ann Redlon signed all these documents for Rachel Ann Redlon as "AIF" or "attorney in fact." Mechanics Savings Bank has offered no evidence of a power of attorney or other proof that Mary Ann Redlon had authority to sign for Rachel Ann Redlon. This is an issue which requires additional evidence before summary judgment can be granted.

2

which Mechanics Savings contends is due is based on a home equity line of credit. Attached to the home equity line of credit agreement as part of Therrien Exhibit A (but not mentioned in the Statement of Material Facts) is a document suggesting that $ 112,996.30 of the home equity line was drawn down and $ 24,003.70 remained for future advances. However, Mechanics Savings Bank is now seeking the full principal amount of the home equity line of credit.[3] Before summary judgment can be granted, Mechanics Savings Bank must provide adequate evidence of the history of the account – including all amounts drawn down and all amounts, if any, repaid. To the extent that this evidence consists of business records, there must be an adequate foundation that those records are admissible for purposes of summary judgment under Rule 56(e).

In addition, while Therrien states that defendant Rachael Redlon has breached the mortgages by nonpayment, he does not attach any business records as evidence of the breach. (Therrien Aff. ¶ 13.) Although Mr. Therrien states that he has personal knowledge of the loan, it is unclear whether he has personal knowledge of the nonpayment or whether he is relying on business records that have not been attached. The record also does not provide evidence of the date of the alleged default.

Finally, as far as the court can tell, party-in-interest Birchwood Road Association was served but has never answered. Unless Birchwood Road Association appears and provides an affidavit or other evidence with respect to its undischarged writ of execution, referred to by the plaintiff in its Statement of Material Facts and its Draft Judgment (Pl.'s S.M.F. ¶ 25; Pl.'s Draft J. ¶¶ 18, 24), the court is not willing to assume that Birchwood Road Association remains unpaid. In the absence of any appearance, plaintiff should seek an entry of default against Birchwood Road Association.

---

[3] Therrien Aff. ¶ 16. Although the home equity line of credit agreement attached as Therrien Ex. A is for the amount of $ 135,000, Mechanics Savings Bank is claiming a principal amount of $ 135,576.66. Id. This discrepancy is not explained.

3

The entry shall be:

Plaintiff's motion for summary judgement is denied without prejudice to the submission of additional documentation by affidavit and additional Rule 56(h) statement within 30 days to cure the defects listed above. If nothing further is received, the motion will be denied without further notice. The Clerk is directed to incorporate this order in the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: November 1, 2013

Thomas D. Warren
Justice, Superior Court

4

---------------------------------------------------------------------------

01 0000009847           BUCK, SONIA J
    83 PLEASANT STREET PO BOX 190 AUBURN ME 04212-0190
    F      MECHANICS SAVINGS BANK                  PL        RTND    05/20/2013